UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P: (410) 962-4953 | F: (410) 962-2985
mdd_jmcchambers@mdd.uscourts.gov

August 22, 2023

LETTER ORDER AND OPINION TO COUNSEL

RE: *International Painters and Allied Trades Industry Pension Fund et al v. Niles Industrial Coatings, LLC et al*
Civil No. 1:20-cv-00619-RDB

Dear Counsel:

On April 12, 2021, Judge Bennett referred this case to the undersigned for all discovery and related scheduling. (ECF No. 36). That same day, the undersigned issued his Memorandum Regarding Informal Discovery (ECF No. 37). The discovery deadline is September 15, 2023. (ECF No. 69 at p. 1).[1] Presently pending before the Court is a discovery dispute regarding Defendant Niles Industrial Coatings, LLC's ("NIC") and Defendant Niles Plant Services, LLC's ("NPS") responses to Plaintiffs' Second Set of Discovery Requests, which includes twenty-two (22) interrogatories and sixteen (16) Requests for Production of Documents ("RFPDs").[2] *See* (ECF Nos. 83, 85, 86). No hearing is necessary. Loc. R. 105.6 (D. Md. 2023). The Court has considered Plaintiffs' position letter (ECF No. 83), Defendant NIC's position letter (ECF No. 85), and Defendant NPS's position letter (ECF No. 86).[3] For the following reasons, the Court will overrule Defendants' objections to Plaintiffs' Second Set of Discovery Requests because Defendants have waived their objections. Accordingly, Defendants shall fully respond to Plaintiffs' Second Set of Discovery Requests and update, if necessary, all previous discovery responses in accordance with this Letter Order and Opinion by September 8, 2023.

I.   **Relevant Background**

On March 6, 2023, Plaintiffs filed their Complaint against Defendants "arising out of [Plaintiffs'] allegations that [Defendants] owed fringe benefit contributions to [Plaintiffs] for alleged bargaining unit work performed at [Defendant NPS's] former blast yard . . . ." (ECF No. 85). Although the parties' position letters are unclear on the issue, it appears that Plaintiffs served

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of every electronically filed document.

[2] On July 14, 2023, the Court issued a Letter Order to Counsel (ECF No. 81) denying Plaintiffs' July 13, 2023 Motion to Compel Defendants' Responses to Plaintiffs' Second Set of Discovery Requests (ECF No. 78). However, the Court denied that previous motion "as moot but without prejudice as to Plaintiffs' ability to pursue future relief regarding any issues of waiver delineated therein." (ECF No. 81 at p. 1).

[3] Although Defendant NPS's position letter focuses solely on Defendants' supernumerary objection to Plaintiffs' Second Set of Discovery Request, Defendant NPS "adopts and incorporates those arguments made by its Co-Defendant, NIC." (ECF No. 86 at p. 2). As such, the Court will consider Defendants' arguments to be made in unison.

Case 1:20-cv-00619-RDB   Document 87   Filed 08/22/23   Page 2 of 6

Defendant NIC with Plaintiffs' First Set of Interrogatories and RFPDs ("First Discovery Requests") separate and apart from Plaintiffs' First Set of Discovery Requests which Plaintiffs served on Defendant NPS.[4] However, it is clear that Plaintiffs' First Set of Discovery requests served on Defendants included nineteen (19) interrogatories and twenty-six (26) RFPDs. (ECF No. 86 at p. 1; ECF No. 85 at p. 3). On April 14, 2023, Plaintiffs served both Defendants with Plaintiffs' Second Set of Discovery Requests. *See* (ECF No. 83 at p. 1; ECF No. 86 at p. 1). Plaintiffs' Second Set of Discovery Requests contained twenty-two (22) interrogatories and thirty (30) RFPDs.[5] (ECF No. 86 at p. 1; ECF No. 85 at p. 3). As such, Plaintiffs have now requested forty-one (41) interrogatories and forty-two (42) RFPDs from both Defendants.

Along with Plaintiffs' April 14, 2023 Second Set of Discovery Requests, Plaintiffs included a letter requesting that Defendants "advise within ten (10) days of any objection to the number of Interrogatories and Document Requests." (ECF No. 83 at p. 1). Plaintiffs further indicated in their April 14, 2023 letter that Plaintiffs believed their number of requests to be permitted, and Plaintiffs would seek relief from the Court if Defendants disagreed. *Id.* at pp. 1–2. Although Defendants did not respond to Plaintiffs' letter, Defendants requested to extend their discovery response deadline to May 31, 2023. *Id.* at p. 2. Plaintiffs agreed to this extension, but Defendants failed to provide their discovery responses by the May 31, 2023 deadline. *Id.* On June 20, 2023, Plaintiffs advised Defendants that Defendants' discovery responses were "seriously past due." *Id.* Defendants did not reply, and on June 26, 2023, Plaintiffs inquired into Defendants' availability for a discovery dispute conference pursuant to Loc. R. 104.7 (D. Md. 2023). *Id.* The position letters of the parties are unclear regarding exactly when and to what extent Defendants provided discovery responses to Plaintiffs' Second Set of Discovery Requests, but it is clear that responses were not provided until July 5, 2023, at the earliest. *Id.* at p. 2. However, Defendant NIC indicates that including Plaintiffs' First Set of Discovery Requests and Second Set of Discovery Requests, Defendant NIC has answered a total of twenty-five (25) interrogatories and thirty (30) RFPDs. (ECF No. 85 at p. 2). Defendant NPS indicates that including Plaintiffs' First Set of Discovery Requests and Second Set of Discovery Requests, Defendant NPS has responded to twenty-five (25) interrogatories and thirty (30) RFPDs. (ECF No. 86 at p. 1).

In addition to the issue concerning Plaintiffs' amount of interrogatories and RFPDs, Defendants argue that the requests are outside the permissible scope of discovery to the extent that Plaintiffs seek information and documents dating back to January 1, 2010. (ECF No. 85 at p. 4). It is unclear whether Defendants are arguing that permitting such a timeframe would be objectionable on the grounds of relevancy, undue burden, or both.

---

[4] Defendant NPS states that Plaintiffs served Defendant NPS Plaintiffs' First Set of Discovery Requests "on September 8, 2020." (ECF No. 86 at p. 1). However, the parties do not provide the date on which Plaintiffs served their First Set of Discovery Requests on Defendant NIC.

[5] Plaintiffs appear to indicate that their Second Set of Discovery Requests contained only twenty-one (21) interrogatories. *See* (ECF No. 83 at p. 2). Regardless of whether Plaintiffs' Second Set of Interrogatories included twenty-one (21) or twenty-two (22) interrogatories, the fact remains that Plaintiffs served well over twenty-five (25) interrogatories on both Defendants.

Plaintiffs argue that (1) Defendants failed to timely raise any objections to Plaintiffs' Second Set of Discovery Requests, and (2) Fed. R. Civ. P. 33(a)(1) and Loc. R. 104.1[6] (D. Md. 2023) permit Plaintiffs to request interrogatories and RFPDs in excess of twenty-five (25) and thirty (30), respectively. *See generally* (ECF No. 83). Defendants contend that (1) Defendants had good cause for failing to timely object to Plaintiffs' Second Set of Discovery Requests, (2) the applicable Rules forbid Plaintiffs from serving more than twenty-five (25) interrogatories and thirty (30) RFPDs, and (3) the earliest date on which events related to Plaintiffs' case could have occurred was January 22, 2015. *See generally* (ECF Nos. 85 & 86).

**II.     Analysis**

Pursuant to Fed. R. Civ. P. 33(a):

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

Furthermore, regarding RFPDs, Loc. R. 104.1 provides:

> Unless ordered by the Court, or agreed upon by the parties, no party shall serve upon any other party, at one (1) time or cumulatively, more than thirty (30) [RFPDs], or more than thirty (30) requests for admission (other than requests propounded for the purpose of establishing the authenticity of documents or the fact that documents constitute business records), including all parts and sub-parts.

If a party fails to timely object to interrogatories, that party will be deemed to have waived any objections absent good cause for the Court to excuse such failure. Fed. R. Civ. P. 33(b)(4). Furthermore, "[a]lthough Rule 34 does not contain such a subsection, the Advisory Committee Notes to the 1970 Amendments state that the requirements of Rule 34 are 'essentially the same as that in Rule 33.'" *Primm v. Aerofil Tech., Inc.*, No. 6:10-cv-1708-Orl-22GJK, 2012 WL 13102523, at *3 (M.D. Fla. Mar. 13, 2012) (quoting Fed. R. Civ. P. 34 (1970 Advisory Committee Notes)). "Thus, courts have found that a failure to timely object to both interrogatories and [RFPDs] constitute a waiver of any such objections asserted at a later time." *Primm*, 2012 WL 13102523 at *3 (other citations omitted). This Court has itself ruled that "implicit within Rule 34 is the requirement that objections to [RFPDs] must be stated with particularity in a timely answer, and that a failure to do so may constitute a waiver of grounds not properly raised . . . unless the Court excuses this failure for good cause shown." *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005).

In assessing whether good cause exists to excuse a party's failure to timely object to discovery requests, the Court will consider the following factors:

---

[6] Plaintiffs mistakenly refer to Loc. R. 104(a) several times throughout their position letter. (ECF No. 83 at p. 1). However, it is clear that Plaintiffs' arguments are based on Loc. R. 104.1 (D. Md. 2023).

>  (1) the length of the delay or failure to particularize; (2) the reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party.

*Hall*, 231 F.R.D. at 474. Importantly, "the burden of avoiding waiver must rest with the party that failed to particularize its objections." *Id.* As explained immediately below, Defendants have not met their burden.

Defendants' discovery responses were initially due on May 14, 2023, but Plaintiffs agreed to extend that deadline to May 31, 2023. Despite this agreement, Defendants failed to serve any answers or objections to Plaintiffs' Second Set of Discovery Requests until July 2023. Defendants' proffered reason for remaining almost completely unresponsive to the discovery requests for three months is that "Plaintiffs pursued their discovery requests at a time when the ultimate scope of this action was unclear, because the motion for leave to amend was (and remains) pending before the Court." (ECF No. 85 at p. 3). However, this Court has held that "[u]nless otherwise limited by Court order, the scope of discovery is generally defined by the claims and defenses set forth in the pleadings." *AMA Sys., LLC v. 3b Tech, Inc.*, No. 1:21-cv-01472-JRR, 2023 WL 2537634, at *1 (D. Md. Mar. 16, 2023) (other citations omitted). Because the Court has yet to rule on Plaintiffs' March 10, 2023 Motion for Leave to File First Amended Complaint (ECF No. 70), the scope of discovery in this case remains defined by Plaintiffs' original Complaint (ECF No. 1). Furthermore, Defendants' objections pertain to two discrete issues: (1) a supernumerary objection regarding Plaintiffs' amount of interrogatories and RFPDs served, and (2) Plaintiffs' pursuit of information and documents dating back to January 1, 2010. Defendants surely could have brought these issues to Plaintiffs' attention almost as soon as Defendants received Plaintiffs' Second Set of Discovery Requests.[7] This is especially true considering that Plaintiffs' Second Set of Discovery Requests was accompanied by a letter bringing the number of requested interrogatories and RFPDs directly to Defendants' attention. There is no doubt that Defendants' failure to raise these obvious objections for nearly three months amounts to dilatory action.

Regarding prejudice to Plaintiffs, "[t]he purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not

---

[7] This Court has held that "[b]y answering some interrogatories and not answering others, defendants waive their objection that plaintiff had exceeded the number allowed in the rule." *Romanyk Consulting Corp. v. EBA Ernest Blan Assocs., P.C.*, No. AW-12-2907, 2013 WL 3280030, at *6 (D. Md. June 26, 2013) (quoting *Allahverdi v. Regent of Univ. of N.M.*, 228 F.R.D. 696, 698 (D.N.M. 2005)). However, *Allahverdi* has been widely debated throughout district courts across the Circuits. As such, the undersigned will not couch his conclusion of waiver based on Defendants' partial answering of Plaintiffs' Second Set of Discovery Requests. However, the Court is cognizant of the fact that "[t]he rules of discovery were not designed to encourage procedural gamesmanship, with lawyers seizing upon mistakes made by their counterparts in order to gain some advantage." *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 405 (E.D.N.C. 2014) (other citations omitted). To conclude that Defendants have not waived their supernumerary objections by providing discovery responses only to select discovery requests could empower future parties to utilize pick-and-choose tactics in taking advantage of a party requesting interrogatories and RFPDs beyond the permitted amount. Without concluding that the holding in *Romanyk Consulting Corp.* remains good law, the Court, as guidance for future litigants, will note that the gamesmanship just described will not be tolerated.

otherwise available." *Middlebrooks v. Sebelius*, No. PJM 04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009). Furthermore, "added expenses, aggravation, and unnecessary delay . . . from [a party's] repeated failures to comply with the discovery rules can constitute prejudice." *First Am. Title Ins. Co. v. Borniva*, No. GJH-19-3233, 2023 WL 1995410, at *4 (quoting *Laios v. MTM Builder/Dev. Inc.*, No. 13-cv-2953-GJH, 2014 WL 6066017, at *3 (D. Md. Nov. 12, 2014)) (other citation and internal quotation marks omitted). Plaintiffs' efforts to work with Defendants regarding discovery have been met with unresponsiveness and unreasonable delays which run afoul of the discovery rules. Such unresponsiveness and delay have compounded a discovery dispute which could have been resolved in April 2023 into one that required a mooted motion to compel and further Court intervention. Plaintiffs have been prejudiced.

Regarding the risk of an excessively harsh result being imposed on Defendants through a finding of waiver, Defendants state in conclusory fashion that "because waiver would require NIC to address matters far outside the relevant time period of this case, waiver would impose an excessively harsh result." (ECF No. 85 at p. 3). However, it is unclear whether Defendants are arguing irrelevancy or that such production results in an undue burden on Defendants. Plaintiffs contend that their "claims encompass the totality of Defendants' operations, which are not limited to January 22, 2015." (ECF No. 83). Putting aside Defendants' conclusory statement that permitting Plaintiffs to pursue information and documents dating back to January 1, 2010, would be an excessively harsh result for a waiver finding, the Court agrees with Plaintiffs that the issue in the case *sub judice* involves the business relationship between Defendants. Pursuant to Fed. R. Civ. P. 26(b), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." As such, the Court finds that Plaintiffs' pursuit of information and documents dating back to January 1, 2010, is within the scope of discovery and not unduly burdensome. As such, a finding of waiver will not result in an excessively harsh outcome for Defendants.[8]

### III. Conclusion

For the reasons set forth in this Letter Order and Opinion, the undersigned finds that Defendants have waived their objections to Plaintiffs' Second Set of Discovery Requests. Accordingly, it is hereby ORDERED that Defendants shall provide responses to all interrogatories and RFPDs that Plaintiffs requested in Plaintiffs' Second Set of Discovery Requests. Furthermore, if necessary, Defendants shall update any past discovery responses to comply with this Letter Order and Opinion. These responses and updates shall be due by September 8, 2023.

Notwithstanding its informal nature, this Letter Order and Opinion is considered a formal Order and Opinion of the Court, and the Clerk should docket it as such.

---

[8] The Court notes that Defendant NIC was formed on May 7, 2010. (ECF No. 85 at p. 2). Although Defendants claim that Plaintiffs are seeking information and documents dating back to "before NIC even existed[,]" the Court realizes that such a fact would merely result in Defendants not having any relevant documents or information between the period of January 1, 2010, and May 6, 2010. This appears to be a non-issue.

                                              Sincerely yours,

                                              _____/s/_____

                                              J. Mark Coulson
                                              United States Magistrate Judge

CC: The Honorable Richard D. Bennett