UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P: (410) 962-4953 | F: (410) 962-2985
mdd_jmcchambers@mdd.uscourts.gov

October 11, 2023

LETTER ORDER AND OPINION TO COUNSEL

RE:   *International Painters and Allied Trades Industry Pension Fund et al v. Niles Industrial Coatings, LLC et al*
Civil No. 1:20-cv-00619-RDB

Dear Counsel:

On April 12, 2021, Judge Bennett referred this case to the undersigned for all discovery and related scheduling. (ECF No. 36). That same day, the undersigned issued his Memorandum Regarding Informal Discovery, which set forth the procedures by which the parties could seek Court intervention for discovery disputes (ECF No. 37). One such dispute arose on August 8, 2023, in which Plaintiffs sought to compel Defendants' overdue discovery responses. (ECF Nos. 82, 83, 84, 85, 86). The Court issued a Letter Order and Opinion regarding the dispute on August 22, 2023, in which it found that Defendants had waived their objections to certain discovery responses for failing to timely assert them and ultimately compelled Defendants to provide their overdue discovery responses. (ECF No. 87). Presently pending before the Court is Plaintiffs' Motion for an Award of Reasonable Expenses (the "Motion") incurred in preparing its Position Letter[1] regarding the dispute (ECF No. 83) and the Motion (ECF No. 89). The Court has

---

[1] Per the undersigned's Memorandum to Counsel Concerning Discovery, the Court allows parties to follow the following procedures in settling discovery disputes through informal position letters rather than requiring the parties to file formal motions to compel:

> I have implemented the following policy as a substitute for Local Rule 104.8. Accordingly, please do not file any discovery motions until this process has been followed and I advise you that formal briefing is necessary . . . In the event of a disagreement involving discovery, prior to requesting Court intervention, Counsel are to confer with each other and attempt to resolve or narrow the dispute. If issues remain, Counsel may:
>
> 1. File a joint brief letter (not to exceed one page) advising me that you would like me to resolve a discovery dispute and confirming that you have attempted to resolve it on your own and that you have held a Local Rule 104.7 conference. Note: this requirement contemplates a discussion between counsel, not simply an email exchange.
>
> 2. Within [twenty-four] (24) hours of sending the aforementioned letter, counsel involved in the discovery dispute may file and serve on all parties, succinct letters (not to exceed three pages, single spaced) summarizing their respective positions. These should also be emailed to my chambers in addition to being filed on CM-ECF. No reply is to be filed unless requested by the Court . . . .

(ECF No. 89).

considered the Motion, Defendants' Opposition thereto (ECF No. 91),[2] and Plaintiffs' Reply (ECF No. 96).  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2023).  For the following reasons, Plaintiffs' Motion is **GRANTED**.

## I. Relevant Background

Plaintiffs filed their initial Complaint in this case on March 6, 2023, alleging that Defendants failed to pay fringe benefit contributions to Plaintiffs for alleged bargaining unit work performed at NPS's former blast yard.  (ECF No. 1; ECF No. 85).  Plaintiffs served Defendant NIC with Plaintiffs' First Set of Interrogatories and Requests for Production of Documents ("First Discovery Requests") separate and apart from Plaintiffs' First Set of Discovery Requests served on Defendant NPS.  Plaintiffs then served their Second Set of Interrogatories and Requests for Production of Documents ("Second Discovery Requests") on April 14, 2023.  (ECF No. 89-1 at p. 2).[3]  Between both discovery requests, Plaintiffs requested a total of forty-one (41) interrogatories and forty-two (42) RFPDs from both Defendants.  (ECF No. 87).  Contemporaneous with Plaintiffs' Second Discovery Requests, Plaintiffs included a letter requesting that Defendants advise within ten days whether Defendants objected to the number of interrogatories and document requests.  (ECF No. 83).

Defendants shortly thereafter requested to extend the date by which their responses were due, but did not object to the number of interrogatories and document requests until July 5, 2023, when Defendants answered some—but not all—of the discovery requests and objected to the remainders on the ground that the requests exceeded the permissible number provided by Fed. R. Civ. P. 33(a) and Loc. R. 104.1.  (ECF No. 89-1 at pp. 2–3).  Defendants also argued that some of the requests were outside the permissible scope of discovery.  *Id.*  Plaintiffs then sought to compel Defendants' production of their overdue discovery responses, which Defendants opposed.  (ECF Nos. 83, 85, 86).  In its ensuing Letter Order and Opinion, the Court overruled Defendants' objections.  (ECF No. 87).  Specifically, the Court determined that Defendants did not timely object to the Second Discovery Requests, failed to show good cause for their delay and unresponsiveness, and that the requested documents were within the scope of permissible discovery.  *Id.*  The Court accordingly ordered Defendants to provide their overdue discovery responses by September 8, 2023.  (ECF No. 87).  Plaintiffs now seek to recoup the attorneys' fees incurred in preparing its Position Letter to the Court setting forth the discovery dispute and the fees incurred in making the present Motion.  (ECF No. 89).

---

[2] The two Defendants in this case are Niles Industrial Coatings, LLC ("NIC") and Niles Plant Services, LLC ("NPS"). NIC submitted a Memorandum in Opposition to Plaintiffs' Motion on September 20, 2023, with arguments in support thereof.  (ECF No. 91).  That same day, NPS also filed a Memorandum in Opposition to Plaintiffs' Motion, adopting and incorporating NIC's Opposition and asserting that it opposed Plaintiffs' Motion "For the same reasons already set forth by NIC" in its Opposition.  (ECF No. 92).  As such, the Court considers ECF No. 91 as Defendants' joint Opposition and bases its decision on the arguments set forth therein.

[3] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of every electronically filed document.

## II.     Analysis

Federal Rule of Civil Procedure 37 describes the process by which a party may move for an order compelling disclosure or discovery. *See* Fed. R. Civ. P. 37. It also provides that:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Defendants oppose such an award on two grounds: (1) Rule 37 applies only when a discovery *motion* is granted rather than an informal discovery dispute position letter; and (2) that even if Rule 37 applies here, that Defendants' position was substantially justified under Rule 37(a)(5)(A)(ii). The Court finds both arguments unpersuasive.

    A.    Plaintiffs' Expenses in Making the Position Letter and this Motion Fall Within the Scope of Rule 37(a)(5)(A).

Regarding Defendants' first argument, Defendants acknowledge that they are "not aware of any decision in the Fourth Circuit" adopting the position that a party may recover attorneys' fees incurred in litigating a discovery dispute through informal discovery position letters, as required by court order, rather than filing a document formally titled as a motion to compel. (ECF No. 91 at p. 3). Inversely, Defendants present no authority from the Fourth Circuit in which this Court or any other has rejected that proposition. Rather, Defendants rely on *Edge Systems LLC v. Ageless Serums LLC* for the notion that attorneys' fees under Rule 37(a)(5)(A) are appropriate only where a formal motion is filed. *See* No. CV209669FLAPVCX, 2022 WL 2093850, at *8 (C.D. Cal. Feb. 1, 2022). However, the court's holding in *Edge Systems LLC* addressed whether a party could recover "costs incurred in preparing for and participating in an *informal discovery conference*," rather than incurring costs in following a court's mandated informal discovery dispute procedures. *Id.* (emphasis added).

Plaintiffs posit that this case is more akin to *Byzantine Catholic Eparchy of Phoenix v. Burri L. PA*, No. CV-20-00779-PHX-ROS, 2022 WL 3597106 (D. Ariz. June 17, 2022). In *Byzantine*, the court analyzed whether a party could recoup attorney fees incurred in litigating a discovery dispute pursuant to the court's informal "Discovery Dispute Order" rather than filing a motion to compel. *Id.* at *1–2. Identical to the case *sub judice*, the non-moving party's "first argument [was] that [the moving party was] not entitled to an award of fees because Rule 37 expressly refers to 'Motion[s] for an Order Compelling Disclosure or Discovery' . . . [but] Pursuant to the Court's Discovery Dispute Order, the parties filed a Joint Notice of Discovery Dispute . . . not a motion to compel." *Id.* at *2 (quoting Fed. R. Civ. P. 37(a)). Immediately after citing *Edge Systems LLC*, the court rejected this argument, concluding instead that "Rule 37(a)(5)(A) sanctions

3

[were] available" because "the Discovery Dispute Order modifie[d] the Rule 37 procedure but d[id] not purport to eliminate it . . . ." *Id.* The court justified this conclusion by highlighting that the informal discovery dispute process by which the parties were required to follow was "designed to streamline the discovery process" rather than letting the dispute stew through the typical "motion-response-reply" process. *Id.*

The Court finds *Byzantine* persuasive on this issue. The Court's April 12, 2021, Memorandum to Counsel Concerning Discovery expressly provided that the parties were to submit position letters regarding discovery disputes—after abiding by their obligation to meet and confer before seeking Court intervention—"as a substitute for Local Rule 104.8." (ECF No. 37 at p. 1); *see* Loc. R. 104.8 (D. Md. 2023) (outlining the procedures regarding motions to compel). The Court also made clear that this alternative dispute resolution process was intended to make the disposition of discovery disputes "timely, efficient, and inexpensive" while promoting "just, speedy, and inexpensive" resolution of such disputes, just as the Discovery Dispute Order in *Byzantine*. (ECF No. 37 at p. 1). In fact, the Court's Memorandum kindly forbade the parties from filing discovery motions with "formal briefing" unless the informal dispute resolution process was followed and the Court was unable to resolve the matter. *Id.*

It would be improper for the Court to require the parties to submit informal position letters as a substitute to motions to compel then refuse to treat those position letters similarly to motions to compel. Moreover, those position letters resulted in the Court ordering, i.e. compelling, Defendants to provide their overdue discovery responses, so the Court's Letter Order was the functional equivalent of granting Plaintiffs' request to compel the Defendants' overdue discovery responses. Not only is this result practical, but it is also supported by additional case law other than *Byzantine*. *See, e.g.*, *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols., Co.*, No. 1:17-cv-00519-DCN, 2021 WL 2444157, at *11–12 (D. Idaho June 15, 2021) (awarding costs incurred by a party informally attempting to resolve discovery objections that "it would not have incurred but for [the non-moving party's] discovery misconduct"); *Top Brand LLC v. Cozy Comfort Co.*, No. CV-21-00597-PHX-SPL, 2023 WL 4533963, at *2 (D. Ariz. July 13, 2023) ("As an initial matter, the Court notes that an award of fees under Rule 37(a)(5)(A) may be available notwithstanding the fact that Defendants did not file a formal motion to compel. The Court treated Defendants' request as a motion to compel. Moreover, the only reason Defendants did not file a motion to compel is because the parties were correctly following the Court's Case Management Order, which requires parties to present discovery disputes as a joint motion.") (citations omitted); *see also First Fin. Bank, N.A. v. Bauknecht*, No. 12-cv-1509, 2014 WL 1347104, at *1 (C.D. Ill. Apr. 4, 2014) (noting that the "purpose of [Rule 37(a)(5)] is to discourage unjustified motions and encourage the informal resolution of most discovery matters *without court intervention*") (emphasis added) (citing *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786–87 (7th Cir. 1994)); *J & R Passmore, LLC v. Rice Drilling D, LLC*, No. 2:18-CV-01587, 2023 WL 2633671, at *4 (S.D. Ohio Mar. 24, 2023) (noting that Rule 37 does not impose "a mandatory requirement that parties formally move to compel discovery" where a Magistrate Judge orders "letter briefing on the issue" before "issuing [an] order for [a party] to comply with the discovery requests" at issue in the letter briefing); *Doe v. Newsom*, No. CV204525JAKPVCX, 2020 WL 7414519, at *2 (C.D. Cal. Aug. 18, 2020) ("In the Court's experience, discovery disputes may often be resolved without the need for formal motion papers.").

The Court's streamlined discovery dispute procedures are for the benefit of the parties in that the process allows for the parties to get their dispute before the Court and obtain a ruling faster and cheaper than the formal process provided for by the Federal Rules of Civil Procedure.  But that truncated resolution process is not meant to insulate a party from natural consequences of unjustified discovery behavior.  The Court also notes, of course, that had the parties instead engaged in formal motions practice, the resulting penalty to Defendants would have been significantly higher, both in terms of the fee award and Defendants' own costs incurred in preparing their opposition.  In short, Defendants' argument would undermine the duties imposed on the parties and the Court by Fed. R. Civ. P. 1.

Defendants are faced with the consequences that flow from their actions and inactions.  Plaintiffs would not have incurred the requested costs associated with filing their Position Statement and this Motion but for Defendants' "dilatory action," and it would therefore be unjust to preclude Plaintiffs from recovering those costs because they sought compulsion of Defendants' overdue discovery responses through the Court's mandated procedures, albeit through litigation not technically titled as a "Motion to Compel."  (ECF No. 87 at p. 4).  Accordingly, Plaintiffs' expenses incurred in making its Position Letter and this Motion fall within the scope of Rule 37(a)(5)(A).

B.      Defendants' Position Was Not Substantially Justified Under Rule 37(a)(5)(A)(ii).

Defendants next argue that, assuming *arguendo* Rule 37(a)(5)(A) governs the Motion, Defendants' position in refusing to comply with its discovery obligations leading Plaintiffs to seek Court intervention was substantially justified.  (ECF No. 91 at pp. 4–5).  Plaintiffs rebut that it was not.  (ECF No. 89-1 at pp. 7–9; ECF No. 96 at pp. 5–7).  "A party satisfies the substantially justified standard if there is a genuine dispute as to proper resolution or if a reasonable person could think [that the failure to produce discovery is] correct, that is, if it has a reasonable basis in law and fact." *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 365 (D. Md. 2012) (cleaned up).  "Courts have concluded that 'substantial justification' could include making meritorious objections to requested discovery, or even engaging in a legitimate dispute over the sequence of discovery."  *Id.* (quoting *Kemp v. Harris*, 263 F.R.D. 293, 296–97 (D. Md. 2009)).

Specifically, Defendants contend that their refusal to comply with the Second Discovery Requests was substantially justified because (1) Plaintiffs filed for leave to amend their Complaint three years into the case; (2) "the length of delay [in raising their objections] was not been [sic] excessive or the product of bad faith"; and (3) Plaintiffs' requests were burdensome because they requested 41 interrogatories and 42 document requests "that far exceed what the rules permit."  (ECF No. 91 at pp. 4–5).  The Court disagrees.  The Court already rejected the first argument in its prior Letter Order, noting that the relevant case law indicates "[u]nless otherwise limited by Court order, the scope of discovery is generally defined by the claims and defenses set forth in the pleadings"; not that a party may cease all discovery obligations and arguably engage in gamesmanship merely because a party has sought leave to file an amended complaint. *AMA Sys., LLC v. 3b Tech, Inc.*, No. 1:21-cv-01472-JRR, 2023 WL 2537634, at *1 (D. Md. Mar. 16, 2023); (ECF No. 87 at p. 4).  The Court also previously rejected the second argument and even found that the opposite was true.  Although the Court did not expressly find that Defendants' failure to timely object to the Second Discovery Requests was in "bad faith," the Court did find that Defendants'

5

actions were *not* done with *good cause*, and that "Defendants' failure to raise these obvious objections for nearly three months amount[ed] to dilatory action." (ECF No. 87 at p. 4). In fact, the Court noted that Defendants' delay in objecting was excessive. Not only did Plaintiffs permit Defendants an extension to produce their discovery responses—which Defendants ignored—but Plaintiffs even invited Defendants to object to the Second Discovery Requests if Defendants believed them to be excessive, which the Defendants failed to do for nearly three months. *Id.* Defendants' third argument is unpersuasive for the same reasons. Perhaps Defendants had a meritorious objection when they first received the Second Discovery Requests accompanied by Plaintiffs' invitation to object to them. But Defendants could not have had a reasonable basis to wait nearly three months to object to the requests, either because the requests were excessive or outside the scope of discovery. Accordingly, the Court finds that Defendants' excessive delay in objecting to Plaintiffs' Second Discovery Requests was not substantially justified.

   C.  Plaintiffs' Requested Attorney's Fees Are Reasonable.

"The amount of attorneys' fees to be awarded in any case is left to the discretion of the district court." *Johnson v. O'Connell & Lawrence, Inc.*, No. CV DKC-21-2468, 2022 WL 1620014, at *2 (D. Md. May 23, 2022). "In calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (quoting *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.").

To determine what is reasonable in terms of hours expended and the rate charged, the Fourth Circuit has provided that the Court's

> discretion should be guided by the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Johnson*, 2022 WL 1620014 at *3 (citing *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)).

Plaintiffs request $6,016.50 in attorney's fees. $1,512.00 of that amount was incurred by attorney Christopher J. Parker for 4.8 hours of work in preparing Plaintiffs' Position Letter at a rate of $315 an hour. (ECF No. 89-2 at p. 4; ECF No. 89-3 at pp. 1–3). The remaining $4,504.50 was incurred by Mr. Parker for 14.3 hours of work in preparing the Motion at the same rate. (ECF

No. 89-3 at pp. 4–7). Defendants do not argue that these hours, rates, or amounts are inappropriate other than previously discussed. *See generally* (ECF Nos. 91, 92). This Court routinely finds hourly rates reasonable where they fall within the presumptively reasonable range in Appendix B of the Local Rules. *See Gonzalez v. Caron*, No. CIV.A. CBD-10-2188, 2011 WL 3886979, at *2 (D. Md. Sept. 2, 2011) ("The Court also relies upon the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases (the 'Guidelines'), which are located in Appendix B of the Local Rules of the U.S. District Court for the District of Maryland . . . While the guidelines are not binding, generally this Court presumes that a rate is reasonable if it falls within these ranges."). Plaintiffs submit that Mr. Parker has been a licensed attorney for over nine years. (ECF No. 89-1 at p. 14; ECF No. 89-2 at p. 3). Appendix B to the Local Rules provides that the presumptively reasonable hourly rate for an attorney admitted to the bar for nine (9) to fourteen (14) years is $225-$350. *See* D. Md. Loc. R., App'x B. Given that Mr. Parker's hourly rate is $315, this is a presumptively reasonable rate. Attorney Michele R. Stafford of Tucker Arensberg, LLP similarly affirmed as much. *See* (ECF No. 89-2); *Lopez*, 838 F. Supp. 2d at 349 ("The Court also may consider affidavits of lawyers in the [relevant] legal community attesting to the customary rates charged for [similar matters].") (quotation omitted).

The Court must then determine whether the hours set forth by Mr. Parker were "reasonably expended." *Lopez*, 838 F. Supp. 2d at 348. "Generally, the party seeking fees 'has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks.'" *Gonzalez*, 2011 WL 3886979 at *3 (quoting *Costar Grp., Inc. v. Loopnet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000)). Here, the Court finds that Plaintiffs' proffered timekeeping records "provide the Court with adequate descriptions of each task worked on by each attorney, the dates on which those tasks were performed, and the amount of time spent on those tasks." *Id.* at *4; *see* (ECF No. 89-3). In light of the facts that (1) the Court has already determined Defendants' discovery objections to be without substantial justification and (2) Defendant does not oppose the substantive reasonableness of these charges, the Court concludes that the hours set forth by Plaintiffs were reasonably expended. There is no indication that any of the charges for preparing Plaintiffs' Position Letter were redundant, excessive, or otherwise unreasonable. Rather, they were necessary to compel responses and documents from Defendants that Plaintiffs proffer—without opposition—"go to the heart of the ultimate issues in this high value case." (ECF No. 89-1 at p. 11).

With regard to the fees sought in connection with the Motion, "it is settled law in this circuit that a party can recover expenses incurred in preparing a motion for attorneys' fees." *Saman v. LBDP, Inc.*, No. CIV.A. DKC 12-1083, 2013 WL 6410846, at *7 (D. Md. Dec. 6, 2013) (citing *Ganey v. Garrison*, 813 F.2d 650, 652 (4th Cir. 1987)). Similar to those maintained in drafting the Position Letter, the records maintained in drafting the Motion do not appear to be redundant, excessive, or otherwise unreasonable. In fact, the records break down quite explicitly which portions of the Motion Mr. Parker was working on leading up to its filing as well as the exact amount of time spent on each of those tasks. *See Papanicolas v. Proj. Execution and Control Consulting, LLC*, No. CIV.A. CBD-12-1579, 2014 WL 5297647, at *4 (D. Md. Oct. 10, 2014) (finding "the hours that were claimed represent[ed] a reasonable amount of time" where "Plaintiff's counsel provided a detailed itemization of legal fees and costs," including "preparing correspondence to resolve the discovery dispute with Defendants, drafting the initial motion to

7

compel . . . and drafting the instant motion for attorneys' fees"); *Suteerachanon v. McDonald's Restaurants of Md., Inc.*, No. CV RWT-15-03196, 2016 WL 3855685, at *3 (D. Md. July 15, 2016) (granting motion for attorney's fees where the records specified, "for each attorney, the date, the hours expended and the nature of the work done"). In consideration of these findings and the *Johnson* factors, the Court concludes that Plaintiffs' request for attorney's fees is reasonable and will be granted in full. *See Saman*, 2013 WL 6410846 at *8 (granting attorneys' fees incurred from preparing a fee petition "in full" where "A review of the [party's] billing in preparing the [motion and reply] indicate[d] that the hours worked [were] reasonable and not overly redundant, excessive, or unnecessary").

### III.     Conclusion

For the reasons set forth in this Letter Order and Opinion, Plaintiffs' Motion for an Award of Reasonable Expenses (ECF No. 89) is **GRANTED**. Accordingly, it is hereby **ORDERED** that Defendants shall pay Plaintiffs $6,016.50 in attorney's fees incurred through Plaintiffs' Position Letter and the Motion for an Award of Reasonable Expenses.

Notwithstanding its informal nature, this Letter Order and Opinion is considered a formal Order and Opinion of the Court, and the Clerk should docket it as such.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge

CC: The Honorable Richard D. Bennett