**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**J. Mark Coulson**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**P: (410) 962-4953 | F: (410) 962-2985**
**mdd_jmcchambers@mdd.uscourts.gov**

October 16, 2023

LETTER ORDER AND OPINION TO COUNSEL

RE:   *International Painters and Allied Trades Industry Pension Fund*
      *et al v. Niles Industrial Coatings, LLC et al*
      Civil No. 1:20-cv-00619-RDB

Dear Counsel:

On April 12, 2021, Judge Bennett referred this case to the undersigned for all discovery and related scheduling. (ECF No. 36). That same day, the undersigned issued his Memorandum Regarding Informal Discovery, which set forth the procedures by which the parties could seek Court intervention for discovery disputes (ECF No. 37). One such dispute arose on August 8, 2023, in which Plaintiffs sought to compel Defendants' overdue discovery responses. (ECF Nos. 82, 83, 84, 85, 86). The Court issued a Letter Order and Opinion regarding the dispute on August 22, 2023, in which it found that Defendants had waived their objections to certain discovery responses for failing to timely assert them and ultimately compelled Defendants to provide their overdue discovery responses. (ECF No. 87). Presently before the undersigned is another discovery dispute between the parties. *See* (ECF No. 94). Specifically, Plaintiffs allege that Defendants' supplemental responses to their overdue discovery responses are deficient in several ways. (ECF No. 95). The Court has considered Plaintiffs' Position Letter[1] (ECF No. 95) and

---

[1] Per the undersigned's Memorandum to Counsel Concerning Discovery, the Court allows parties to follow the following procedures in settling discovery disputes through informal position letters rather than requiring the parties to file formal motions to compel:

> I have implemented the following policy as a substitute for Local Rule 104.8. Accordingly, please do not file any discovery motions until this process has been followed and I advise you that formal briefing is necessary . . . In the event of a disagreement involving discovery, prior to requesting Court intervention, Counsel are to confer with each other and attempt to resolve or narrow the dispute. If issues remain, Counsel may:
>
> 1. File a joint brief letter (not to exceed one page) advising me that you would like me to resolve a discovery dispute and confirming that you have attempted to resolve it on your own and that you have held a Local Rule 104.7 conference. Note: this requirement contemplates a discussion between counsel, not simply an email exchange.
>
> 2. Within [twenty-four] (24) hours of sending the aforementioned letter, counsel involved in the discovery dispute may file and serve on all parties, succinct letters (not to exceed three pages, single spaced) summarizing their respective positions. These should also be emailed to my chambers in addition to being filed on CM-ECF. No reply is to be filed unless requested by the Court . . . .

(ECF No. 89).

Defendants' reply thereto (ECF Nos. 97, 98).[2] Although Plaintiffs subsequently filed a Motion for Leave to File a Reply to Defendants' Position Letter (ECF No. 99), the Court will **DENY** that Motion because the undersigned will compel Defendants to provide proper and responsive answers to the disputed discovery requests for the reasons explained below based on the initial Position Letters only.

### I.     Relevant Background

Plaintiffs filed their initial Complaint in this case on March 6, 2023, alleging that Defendants violated one or more labor contract(s) because NIC used NPS, "a commonly owned entity performing the same work, within the same jurisdiction, with the same employees, and operating out of the same location as NIC," to perform work covered under such labor contracts. (ECF No. 1 at p. 6).[3] Pursuant to the labor contracts that Defendants purportedly violated, Plaintiffs request (1) an audit regarding the contributions Defendants owe "based upon hours worked and paid to employees performing work covered" by the labor contract(s); (2) judgment against Defendants for failing to make contributions in violation of 29 U.S.C. § 1145; and (3) judgment against Defendants for damages incurred as a result of their breach of the labor contract(s). (ECF No. 1 at pp. 7, 9, 10).

During discovery, Plaintiffs served Defendant NIC with Plaintiffs' First Set of Interrogatories and Requests for Production of Documents ("First Discovery Requests") separate and apart from Plaintiffs' First Set of Discovery Requests served on Defendant NPS. Plaintiffs then served their Second Set of Interrogatories and Requests for Production of Documents ("Second Discovery Requests") on April 14, 2023. (ECF No. 89-1 at p. 2). The parties' prior discovery dispute arose when Defendants presented a supernumerary objection to the amount of discovery requests after ignoring them for three months, and the undersigned previously overruled Defendants' objections before compelling Defendants to produce the overdue discovery responses at issue. *See generally Int'l Painters & Allied Trades Indus. Pension Fund v. Niles Indus. Coatings, LLC*, No. 1:20-CV-00619-RDB, 2023 WL 5368040 (D. Md. Aug. 22, 2023). Of relevance here, one of Defendants' arguments against providing the overdue discovery was that "Plaintiffs pursued their discovery requests at a time when the ultimate scope of this action was unclear" because there was a pending motion to amend the complaint at the time the discovery dispute arose. (ECF No. 85 at p. 3). Specifically, Plaintiffs' motion to amend their complaint sought the following: (1) to update the plan administrator for Plaintiffs; (2) to add additional facts to support alter ego and single employer liability; (3) to add allegations regarding the performance of payroll audits of Defendants; and (4) to add an additional claim for breach of fiduciary duty against Ryan Niles, the owner of both Defendants. (ECF No. 93 at pp. 1–2). Judge Bennett ultimately denied Plaintiffs' motion to amend because (1) Plaintiffs did not timely sue Mr. Niles;

---

[2] The two Defendants in this case are Niles Industrial Coatings, LLC ("NIC") and Niles Plant Services, LLC ("NPS"). NPS submitted a Position Letter in opposition to Plaintiffs' Position Letter on October 5, 2023. (ECF No. 97). That same day, NIC filed a Position Letter that "adopts and incorporates those arguments made by its co-defendant, [NPS]." (ECF No. 98). As such, the Court considers ECF No. 97 as Defendants' joint Position Letter and bases its decision on the arguments set forth therein.

[3] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of every electronically filed document.

(2) any allegations in the amended complaint regarding the informal audit that occurred at the directive of the undersigned to aid in settlement efforts would violate Fed. R. Evid. 408; and (3) Plaintiffs offered no explanation for failing to abide by the Court's then-past deadline for joinder of additional parties and amendment of pleadings. *Id.* at 2–5.

In ruling on the prior discovery dispute, the undersigned concluded that Defendants waived any objections to the Second Discovery Requests by failing to raise them for nearly three months and ordered Defendants to supplement their discovery responses by September 8, 2023. (ECF No. 87). Defendants did, in fact, provide supplemental responses to Plaintiffs' discovery responses by September 8, 2023. (ECF No. 95 at p. 2). However, Plaintiffs now argue that the supplemental responses are deficient and that they are still awaiting certain responses to document requests that Defendants already agreed to produce before even raising their objections in the prior discovery dispute. *Id.* at pp. 2–3. Defendants respond that "the supplemental requests have been rendered moot" given Judge Bennett's denial of Plaintiffs' motion to amend and therefore Plaintiffs "are now seeking discovery that is not relevant to the case." (ECF No. 97 at pp. 1–2).

**II.     Analysis**

    A. Defendants' Supplemental Discovery Responses are Inadequate and Require Further Supplementation.

Through both sets of discovery requests, Plaintiffs requested roughly forty-one (41) interrogatories and forty-two (42) requests for production from both Defendants. (ECF No. 87). Each Defendant then responded to only twenty-five (25) interrogatories and thirty (30) requests for production. (ECF No. 85 at p. 2; ECF No. 86 at p. 1). Although Defendants objected to answering the remaining number of interrogatories and requests for production on the grounds that that they exceeded the amounts permissible under Fed. R. Civ. P. 33(a) and Loc. R. 104.1, the undersigned rejected this argument given Defendants' dilatory choice to wait nearly three months to raise such objections. (ECF No. 87). Accordingly, the undersigned ordered Defendants to supplement their discovery responses. Defendant NIC supplemented its outstanding interrogatories by asserting that Plaintiffs would receive the answers to those interrogatories at NIC's upcoming Rule 30(b)(6) deposition. (ECF No. 95 at p. 1). Regarding the document requests, Defendant NIC provided the following response to each of the overdue document requests: "As required by Rule 34 of the Federal Rules of Civil Procedure, NIC will make a reasonable search of sources reasonably likely to contain responsive documents and such responsive documents will be made available for inspection and copying at NIC's office located at 201 South Alloy Drive, Fenton, Michigan 48430." *Id.* at pp. 2–3. Several hours later, Defendant NPS then served nearly identical supplemental responses to both the outstanding interrogatories and document requests, except that NPS changed the address in its response to the outstanding document requests to reflect NPS's office address instead of NIC's. *Id.*

Defendants do not argue that these responses are sufficient; rather, they argue only that the supplemental discovery is now moot, discussed in further detail below. Nor can they. Regarding the supplemental interrogatory responses, federal courts nationwide have fairly unequivocally established that merely referring to a noticed deposition, either past or present, is an inappropriate means of answering an interrogatory. *See, e.g.*, *Wagner Equip. Co. v. Wood*, No. 11-466 MV/ACT,

2012 WL 12862336, at *4 (D.N.M. Nov. 21, 2012) (explaining that "Interrogatory responses that refer to depositions are not complete and not in compliance with Rule 33 of the Federal Rules of Civil Procedure"); *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 640 (D. Kan. 1999) (same); *Wagner v. Fishing Co. of Alaska, Inc*., No. C06-1634RSL, 2008 WL 2813333, at *1 (W.D. Wash. July 18, 2008) (same); *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 663 (D. Colo. 2000) (same); *McDaniel v. Ford Motor Co.*, No. 112CV01470RLVJCF, 2013 WL 12107777, at *2 (N.D. Ga. June 10, 2013) (same); *Equal Rts. Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 35 (D.D.C. 2007) (same); *Hill v. City of Harvey*, No. 17 C 4699, 2019 WL 6173415, at *1 (N.D. Ill. Nov. 20, 2019) (same); *Tadlock v. Arctic Cat Sales, Inc.*, No. CV 15-766-JJB-EWD, 2017 WL 1032516, at *5 (M.D. La. Mar. 17, 2017) (same); *Republic Env't. Sys., Inc. v. Reichold Chems., Inc.*, 157 F.R.D. 351, 353 (E.D. Pa. 1994) (same); *Atlanta Shipping Corp. v. Cross & Brown Co.*, 113 F.R.D. 108, 111 (S.D.N.Y. 1986) (same). There is no indication that courts in the Fourth Circuit have taken a principled stand against this rule of law. *See, e.g.*, *Fint v. Brayman Constr. Corp.*, No. 5:17-CV-04043, 2018 WL 5116097, at *2 (S.D.W. Va. Oct. 19, 2018) ("[A]n answer to an interrogatory [generally] should not refer to other documents such as pleadings, depositions, or other interrogatories. The answer should be complete in itself.") (internal quotation and citation omitted); *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 107 (W.D.N.C. 1993) (same); *Holcombe v. Helena Chem. Co.*, No. 2:15-CV-2852-PMD, 2017 WL 713920, at *3 (D.S.C. Feb. 23, 2017) (same). Even mass published legal treatises recognize as much. *See* 8B Charles A. Wright et al., *Federal Practice and Procedure* § 2177 (3d ed. 2004); 7–33 Moore's Federal Practice–Civil § 33.103. This Court has unsurprisingly held similarly. *See United Oil Co. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 419–20 (D. Md. 2005) (finding that answering interrogatories by referencing outside documents was "inadequate under Rule 33"). Without proffering any justification for this Court to become the anomaly on this issue, the undersigned concludes that Defendants' supplemental responses to Plaintiffs' interrogatories are unacceptable and hereby compels Defendants to provide proper and responsive answers to the interrogatories by October 30, 2023.

Turning to the supplemental document request responses, Federal Rule of Civil Procedure 34 provides that, after a party has served a request for the production of documents,

> For each item or category, the response must either state that inspection and related activities will be permitted *as requested* or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

Fed. R. Civ. P. 34(b)(2)(B) (emphasis added). Defendants' responses to Plaintiffs' requests for production of documents in their Second Discovery Requests do not satisfy Rule 34. Plaintiffs expressly asked that their requests for production be "delivered to counsel for Plaintiffs." (ECF No. 97 at p. 3). Defendants did not abide by this request and did not assert a specific contemporaneous objection to that request. Nor did Defendants indicate that they would produce copies of any documents or electronically stored information instead of permitting inspection. In fact, Defendants' response to the document requests concedes through its use of future-tense that

4

Defendants have not yet even begun conducting a search for responsive documents despite the undersigned's prior Letter Order compelling Defendants to produce responsive documents by September 8, 2023. (ECF No. 95 at pp. 1–3). Such behavior is unacceptable for purposes of Rule 34. *See, e.g.*, *Branhaven, LLC v. BeefTek, Inc.*, 288 F.R.D. 386, 389–90 (D. Md. 2013) (concluding that plaintiff's responses to defendants' requests for production were improper under Rule 34 because plaintiff did not produce the documents as requested or object to the method of requested production, and because "plaintiff's counsel had done little, or nothing, in terms of a reasonable inquiry and indeed had no knowledge of the number and identity of the responsive documents"); *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997) ("Thus, a response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place *and* manner, is not a complete answer as required by Rule 34(b) and, therefore, pursuant to Rule 37(a)(3) is treated as a failure to answer or respond . . . and the moving party is [therefore] free to file a motion to compel . . . if good faith efforts to resolve the dispute with the opposing party have failed.") (emphasis added); *McCarty v. Democracy Int'l*, No. CIV.A. DKC 14-3990, 2015 WL 5315784, at *3 (D. Md. Sept. 10, 2015) ("Given that Defendants failed to produce discovery as requested, Plaintiff reasonably prepared and filed the motion to compel . . . ."); *Jayne H. Lee, Inc.*, 173 F.R.D. at 656 n.13 ("[I]f a party fails to respond to a document production request *by agreeing to the production as requested*, or fails thereafter to *permit the inspection as requested* the propounding party may file a motion to compel with the court, accompanied by a certificate that there have been good faith efforts to resolve the dispute before filing the motion.")[4] (emphasis in original); *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 574 (D. Md. 2010) ("It is improper to state, as Defendant did, that production will be made at some unspecified time in the future."); Fed. R. Civ. P. 37(a)(3). Accordingly, the undersigned hereby compels Defendants to produce all responsive documents to Plaintiffs' counsel in addition to compelling Defendants to provide proper and responsive answers to Plaintiffs' interrogatories in their Second Discovery Requests.

> B. Judge Bennett's Ruling on Plaintiffs' Motion to Amend has not Mooted Plaintiffs' Second Discovery Requests.

Defendants argue that Judge Bennett's Memorandum Opinion denying Plaintiffs' Motion to Amend their Complaint has rendered Plaintiffs' Second Discovery Requests moot. The undersigned disagrees. As a preliminary matter, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *Posey v. Calvert Cnty. Bd. of Educ.*, No. CIV.A. WMN-02-2130, 2003 WL 21516194, at *1 (D. Md. Mar. 27, 2003); *Chestnut v. Kincaid*, No. CV LKG-20-2343, 2022 WL 358170, at *1 (D. Md. Feb. 7, 2022). Although Defendants claim that any discovery related to the informal audit is now undiscoverable, Judge Bennett held that Plaintiffs' complaint could not be amended "to include allegations regarding the informal audit" under Federal Rule of Evidence 408. (ECF No. 93 at p. 4). Judge Bennett's ruling did not strike Plaintiffs' request in their Complaint that, if successful in the current litigation, a court-sanctioned audit would illustrate the contributions that Defendants are required to pay to Plaintiffs based on Defendants' alleged violations of the labor contract(s). (ECF No. 1 at pp. 7–

---

[4] To be clear, Plaintiffs certified that they "attempted to resolve the dispute and held conferences under Local Rule 104.7 on September 20 and 22, 2023 without success." (ECF No. 94); *see* Loc. R. 104.7 (D. Md. 2023).

8). In other words, even if Plaintiffs' interrogatories and discovery requests seek information regarding Defendants' books and records that was also disclosed during the informal audit, such information is reasonably calculated to lead to the discovery of evidence pertaining to the amount of contributions that Defendants may be required to pay if Plaintiffs' claims prove successful. Regarding Defendants' remaining arguments, none of Plaintiffs interrogatories or requests for production specifically name Mr. Niles or appear to request information specifically aimed at proving Mr. Niles' potential liability for a breach of fiduciary duty. Similarly, Defendants' position that Plaintiffs' claims based upon alter ego and single employer theories are *barred* is misleading. Judge Bennett did not strike Plaintiffs' allegations in their initial Complaint that Defendants are liable for violating the labor contract(s) by hiring employees associated with Defendants' own operations to complete the relevant work rather than abiding by the labor contracts(s). This Court has previously noted that Plaintiffs' claims necessarily rely upon the business relationship between the Defendants, and Plaintiffs' Second Discovery Requests seek information regarding that business relationship which speaks to their initially pled and still-existing claims. So although Judge Bennett held that Plaintiffs could not amend their complaint to include *additional* facts regarding Plaintiffs' alter ego and single employer claims, Plaintiffs' discovery responses are appropriate to obtain information regarding the claims *already set forth* by Plaintiffs. Accordingly, the undersigned concludes that Judge Bennett's ruling did not render Plaintiffs' Second Discovery Requests moot and Defendants are still required to abide by the directives explained above.

### III.   Conclusion

For the reasons set forth in this Letter Order and Opinion, Defendants are hereby compelled to (1) provide proper and responsive answers to Plaintiffs' interrogatories and (2) produce all responsive documents to Plaintiffs' counsel. Defendants shall do so by October 30, 2023. Further, Defendants are hereby forewarned that continuing to engage in evasive, improper discovery behavior may result in future sanctions. *See* Fed. R. Civ. P. 37.

Notwithstanding its informal nature, this Letter Order and Opinion is considered a formal Order and Opinion of the Court, and the Clerk should docket it as such.

Sincerely yours,

/s/
J. Mark Coulson
United States Magistrate Judge

CC: The Honorable Richard D. Bennett